HARRY W. SHAUGHNESSY *vs.* MARTIN MURPHY & another.

Worcester.     September 28, 1927. — November 25, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* What constitutes, Implied. *Partnership.*

At the trial of an action against two brothers upon an account annexed for labor performed and materials furnished in the installation of a heating plant in a building owned by the defendants' mother, evidence showing that the defendants were copartners engaged in business as undertakers and that they also conducted "a garage business" in the building in question, which had been newly constructed; that negotiations for the heating plant were conducted between the plaintiff and one of the defendants; that the garage when equipped was occupied by the partnership, that payments by the defendants on account of the plaintiff's claim had been made, and that the defendants had refused full payment because they contended that part of the heating system was defective and unsatisfactory, warranted a denial by the judge of a motion that a verdict be ordered for the defendants "upon the ground that the plaintiff has failed to prove upon all the evidence that the defendants are the owners of the premises upon which the plaintiff claimed to have performed work and labor and furnished materials," and also warranted a finding for the plaintiff.

CONTRACT against Martin Murphy and Edward Murphy, copartners doing business under the firm name and style of Martin Murphy & Co., upon an account annexed for labor performed and material furnished. Writ in the Second District Court of Eastern Worcester dated March 1, 1926.

On removal to the Superior Court, there was a trial before *Donahue,* J. Material evidence is stated in the opinion. At the close of the evidence, the defendants moved that a verdict be ordered in their favor "upon the ground that the plaintiff has failed to prove upon all the evidence that the defendants are the owners of the premises upon which the plaintiff claimed to have performed work and labor and furnished materials." The motion was denied. The judge found for the plaintiff in the sum of $679.31, which, by order of the court on a motion by the defendants for a new trial, was reduced to $674.66. The defendants alleged exceptions.

*M. A. Scanlon,* for the defendants.

*G. E. O'Toole,* for the plaintiff, submitted a brief.

BRALEY, J.   This is an action to recover for labor performed and for materials furnished by the plaintiff in the installation of a system of plumbing and heating in a building located on land owned by the mother of the defendants. The plaintiff having prevailed, the case is before us on the defendants' exceptions to the denial of their motion for a directed verdict.

The defendants as partners were engaged in the business of undertakers under the name of Martin Murphy and Company, and they also conducted "a garage business" in the building in question, which had been newly constructed. It is contended that no contract for the work or materials was ever entered into between the plaintiff and the partnership.   The negotiations with the plaintiff for the plumbing and heating were conducted by Martin Murphy, and resulted as the jury could find in the performance of the work, and the furnishing of the materials substantially as claimed in the declaration.   The garage thus equipped was occupied by the partnership, and, although pleaded, the defendants have never made full payment, claiming that part of the heating system was defective and unsatisfactory.   The jury, however, to whom the case was properly submitted, well could find, even if the defendant Edward Murphy testified "he had nothing to do with the arrangements", that the equipment of the garage was for the sole use of the partnership in carrying on the joint business, and that the contract was not negotiated for the benefit of Martin Murphy individually.   *Smith* v. *Collins,* 115 Mass. 388.   *Payne* v. *Dexter,* 211 Mass. 1, 9.

*Exceptions overruled.*